### BUCHHOLZ v. DAMICK.

(Supreme Court, Appellate Division, Fourth Department. November 14, 1906.)

ASSIGNMENT—CLAIMS FOR GOODS DELIVERED—ACTION BY ASSIGNEE.

> Where an express company required plaintiff, a driver of its delivery wagon, to pay the amount of a claim by the shipper of goods, which the driver maintained he delivered to the purchaser, who claimed he did not receive them, and the shipper's interest was assigned to the driver with the consent of the express company on payment by it of the value of the goods, the driver could maintain an action against the purchaser for the value of the goods alleged to have been delivered to him.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Assignments, § 162.]

Appeal from City Court of Geneva.

Action by Harry Buchholz against James Damick. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Nathan D. Lapham, for appellant.
E. A. Griffith, for respondent.

WILLIAMS, J.   The judgment appealed from should be affirmed, with costs.

The facts must, for the purposes of this appeal, be regarded as settled, are somewhat peculiar, and are briefly as follows: October 23, 1905, one Podworsky, of Auburn, N. Y., sold the defendant 1,000 cigars, at the agreed price of $33, and the firm of Onorato & Bro. 200 cigars at the agreed price of $6.60. Both purchasers lived at Geneva, N. Y., and were to pay for the cigars on delivery at Geneva. On the same day these cigars were put up in separate packages and addressed to the purchasers, but were tied together, and the whole shipped by American Express to defendant. They were received at the express office in Geneva October 24, 1905, and were delivered by the plaintiff, the express company's driver, to the defendant the same day, but no receipt was taken therefor from the defendant. Bills were sent by Podworsky to the purchasers of the cigars, and were returned, with the claim that the cigars had not been received. Podworsky thereupon made claim against the express company for the value of the cigars. There was then controversy between the plaintiff and the defendant as to the delivery of the goods; plaintiff claiming he did deliver them, and defendant claiming he did not. The express company, having no receipt from defendant for the cigars, paid Podworsky therefor January 20, 1906, and took his receipt. They required the plaintiff to pay them the amount, and he has paid $7.50 thereon. March 1, 1906, plaintiff took from Podworsky an assignment of his interest in the cigars, and March 3, 1906, brought this action to recover the value thereof. The controversy between the parties as to the delivery was tried out, and the city judge found the cigars were delivered to defendant, and judgment was awarded for the value thereof. The defendant, with a finding that he has had the cigars and has not paid for them, claims that the driver cannot, as a matter of law, recover from him the value thereof. The driver has not had the benefit of the cigars, and yet, for his failure to get defendant's receipt therefor upon delivery, which it was his duty to do, as between him and the express company, has been required by the company to pay the claim made by Podworsky. Podworsky has his pay for the cigars, and has assigned all his interest therein to the driver, who had the real controversy with the defendant as to the delivery of the cigars.

The defendant's claim to be relieved from the payment for the cigars which he has had the benefit of is based upon the proposition that the express company and its driver, in paying Podworsky for the cigars, were volunteers, had no interest in the controversy between Podworsky and the defendant as to the delivery of the cigars, and therefore cannot recover of defendant. It seems to us that the principle sought to be applied is not fatal to a right to recover here, because the plaintiff had a direct interest in the cigars here. The express company, as it

might well do, required him to pay the claim made by Podworsky. He assented to it, and Podworsky's interest was thereupon assigned to him by the direction or consent of the express company, who had advanced the money. If it be said that the assignment was made after Podworsky had been paid, and had nothing to assign, we reply, even if that be conceded, that the plaintiff was then entitled to be subrogated to the rights of the express company and of Podworsky.

We think, upon the established facts, the judgment of the City Court was justified, and that the judgment of the County Court affirming it should not be disturbed. All concur.

KRUSE, J. (concurring). I concur in the opinion of Mr. Justice WILLIAMS, but desire to add a single suggestion. I think the payment made by the express company to the consignor and seller of these goods was in no sense a payment of the claim of the seller for the purchase price of the goods owing to him by the defendant, the purchaser thereof. The claim which the express company paid was for the alleged conversion or misdelivery of the goods, the defendant claiming he had never received them, and thereupon the consignor asserted its claim against the express company, not for the purchase price, but for damages for nondelivery.

It is true that it appears that the goods had in fact been delivered to the consignee, but that affords no ground for saying that the express company paid the debt of the consignee for the purchase price. Very likely the express company could have recovered back the money from the consignor which it paid under a misapprehension and mistake of fact. However that may be, I think the payment of the money by the express company for the value of the goods upon the claim made against it was not a payment of the debt of the consignee, either voluntarily or otherwise.